UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YING Y. YANG, on behalf of himself and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE SUPERMARKETS, INC., d/b/a ShopRite, RONALD L. GOLEY, HUA HUANG, JACK BATISTA, JOHN DOE, JANE DOE, Fictitiously named parties, true name(s) unknown, and COMPANY ABC, COMPANY XYZ, fictitiously named business entities, true name(s) unknown,<br><br>Defendants. | CIVIL ACTION<br><br>Case No.:<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff YING Y. YANG (hereinafter referred to as "Plaintiff" or "Yang,") by way of Complaint against the Defendants, states as follows:

## INTRODUCTION

1. Plaintiff Yang alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") that among other things, he is entitled to: (i) compensation for wages paid at no less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Yang further complains that among other things, he is entitled to (i) compensation for wages paid at no less than the statutory minimum wage and (ii) back wages for

1

overtime work for which defendants willfully failed to pay overtime premium pay as required by the New Jersey Wage and Hour Law.

## THE PARTIES

3. Plaintiff Ying Y. Yang is an individual who resides in the State of New Jersey.

4. Defendant VILLAGE SUPERMARKETS, INC., d/b/a ShopRite (hereinafter referred to as "Village") is a company incorporated in the State of New Jersey which conducts business in the State of New Jersey.

5. Defendant VILLAGE SUPERMARKETS, INC. owns and operates many different Shoprite locations, including the Livingston, NJ Shoprite location, where Plaintiff Yang worked.

6. Upon information and belief, Defendant Ronald L. Goley is an individual who resides in the state of New Jersey.

7. Upon information and belief, Defendant Hua Huang is an individual who resides in the state of New Jersey.

8. At all relevant times, Plaintiff Yang was individually engaged in interstate commerce or in the production of goods for interstate commerce.

9. At all relevant times, each corporate defendant has been, and continue to be, an enterprise engaged in interstate commerce and/or the production of goods for interstate commerce in within the meaning of the FLSA, 29 U.S.C. § 201 et al.

10. Upon information and belief, at all relevant times, Village has had gross revenues in excess of $500,000.

11. Upon information and belief, at all relevant times, defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled such goods and materials.

2

12. Upon information and belief, Defendant Hua Huang was a Chinese food manager for Defendant enterprise at the location where Plaintiff worked.

13. Upon information and belief, Defendant Hua Huang had the power to hire and fire employees, set schedules, retain records, supervised Plaintiff, and retained records.

14. Upon information and belief, Defendant Ronald L. Goley was the kitchen manager for the Defendant enterprise at the location where Plaintiff worked.

15. Upon information and belief, Defendant Ronald L. Goley had the power to hire and fire employees, set wages, set schedules, supervised Plaintiff, and retained records.

16. Upon information and belief, Defendant Jack was the Store Manager for the Defendant enterprise at the location where Plaintiff worked.

17. Upon information and belief, Defendant Jack Batista had the power to hire and fire employees, set wages, set schedules, supervised Plaintiff, and retained records.

18. Defendants John Doe and Jane Doe are individuals, true names unknown at this time, affiliated with the other defendants.

19. Defendants Company ABC and Company XYZ are business entities, true names unknown at this time, affiliated with the other defendants.

20. All defendants are "employers" as defined in the Fair Labor Standards Act and the New Jersey Wage and Hour Law.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over Yang's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Yang's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the enterprise

was located in this district, and all transgressions occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

23. Pursuant to 29 U.S.C. § 206 and §207, Yang seeks to prosecute his FLSA claims as a collective action on behalf of all persons who is or were employed by defendants in the United States at all relevant times, who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

24. The Collective Action Members are similarly situated to Yang in that they were employed by defendants as non-exempt restaurant workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

25. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

26. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

27. Plaintiff Yang was hired as a chef for the Chinese food outlet of Shoprite in Livingston, NJ on or about September 20, 2016, and remained employed by Defendants until about April 27, 2018.

28. Plaintiff's job duties included preparing Chinese food for the Asian food section.

29. However, from time to time, Defendant Ronald L. Goley, on behalf of ShopRite, would assign other tasks to Plaintiff, including but were not limited to, deep-frying foods, processing meat and chicken, packing sandwiches, etc.

30. Defendants Hua Huang and Ronald L. Goley supervised Plaintiff's work, and controlled his work schedule.

31. Defendants Hua Huang and Ronald L. Goley reported to ShopRite's Store Manager Jack Batista.

32. Plaintiff worked five days a week and generally worked from 9:00 a.m. until 7:00 p.m., a total of about fifty (50) hours per week.

33. For a three week period, from April 2, 2018 until April 23, 2018, Plaintiff's partner left to return to China, therefore Plaintiff had to perform the work of two people by himself.

34. As a result of this additional workload, Plaintiff had to work an additional hour for preparation time, bringing Plaintiff's hours to 9:00 a.m. to 8:00 p.m., a total of approximately 55 hours per week.

35. Plaintiff made his request for the extra hour of work to Defendant Goley, who approved the request.

36. When Plaintiff was hired by defendants, he was advised that he would receive a $40,000 salary.

37. Village owned and operated several ShopRite stores, including the Livingston, NJ ShopRite location.

38. Through the individual defendants named herein, Village was involved in the day-to-day discipline of its store employees, including Plaintiff.

39. Village controlled the work schedule of its store employees, including Plaintiff.

40. According to Defendant Hua Huang, it was the Store Manager Jack Batista that made the final decision to fire Plaintiff.

41. A ShopRite employee, Sophia, issued paychecks to Plaintiff.

42. Village maintained Plaintiff's employment records.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act- Overtime

43. Plaintiff repeats and incorporates each of the preceding allegations as if fully set forth herein.

44. Under the FLSA, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek.

45. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week to which plaintiff was entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. §207(a)(1).

46. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

47. Defendants have not made a good faith effort to comply with the FLSA in regards to paying Plaintiff's compensation.

48. As a result of Defendants' actions, Plaintiff has been damaged and is entitled to recover unpaid overtime wages and an equal amount in liquidated damages, as well as attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid overtime wages, liquidated damages, pre-judgment interest, postjudgment interest, attorneys fees, costs of suit, and all such further relief the court may deem equitable and just.

## SECOND CAUSE OF ACTION
### Violation of the New Jersey Wage & Hour Law- Overtime

49. Plaintiff repeats and incorporates each of the preceding allegations as if fully set

forth herein.

50. Under the New Jersey Wage & Hour Law, a plaintiff is entitled to receive one and one-half (1.5) times the Plaintiff's regular rate for each hour worked above 40 in a given workweek, N.J.S.A. 34:11-56a4 and NJAC 12:56-6.1.

51. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per week, in violation of N.J.S.A. 34:11-56a4.

52. As a result of Defendants' actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all damages under the New Jersey Wage and Hour law, including without limitation unpaid overtime wages, pre-judgment interest, postjudgment interest, attorney's fees, costs of suit, and all such further relief the court may deem equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: June 12, 2018

**WANG, GAO & ASSOCIATES, P.C.**
*Attorney for Plaintiffs*

By: Heng Wang, Esq.
Jeremy Jackson, Esq.
36 Bridge Street
Metuchen, NJ 08840
Tel:    (732) 767-3020
Fax:    (732) 343-6880