NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YING YANG, on behalf of himself and all other persons similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>VILLAGE SUPER MARKET, INC., VILLAGE SUPER MARKET OF NJ, LP, RONALD L. GOLEY, HUA HUANG, JOAQUIM BATISTA IMPROPERLY NAMED AS JACK BATISTA, et al.,<br><br>        Defendants. | **OPNION**<br><br>18-cv-10486 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Ying Yang moves to conditionally certify a class of hourly paid, non-managerial individuals employed by Village Super Market, Inc. d/b/a ShopRite, Village Super Market of NJ, L.P. d/b/a ShopRite, Ronald L. Goley, Hua Huang, Jack Batista, and certain fictitious individuals and entities (collectively the "Defendants"), for failing to pay overtime pay as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), *et seq.* (2013). Plaintiff also moves for equitable tolling of the FLSA statute of limitations. The motion has been decided from the written submissions of the parties under Federal Rule of Civil Procedure 78. The motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise stated, all facts are taken from Plaintiff's First Amended Complaint ("FAC") (ECF No. 4). Plaintiff Yang was hired as a chef for the Chinese food outlet of ShopRite in Livingston, New Jersey on about September 20, 2016, and remained employed there until April 27, 2018. *Id.* ¶ 32. Yang is an immigrant originally from China. Yang. Decl. (ECF No. 18-5) ¶ 3. He was advised he would receive a $40,000 salary as a chef for ShopRite. FAC ¶ 41. At his job, Yang prepared Chinese food, but was also assigned miscellaneous food-related tasks (*e.g.*, packing

sandwiches). *Id.* ¶¶ 32-37. Plaintiff worked five days a week, usually from 9:00 a.m. until 7:00 p.m. *Id.* He was eventually fired, allegedly by Defendant Batista, the manager of the store. *Id.* ¶ 45. Plaintiff now claims he, and the class he seeks to represent, are entitled to recover unpaid overtime wages of at least one-and-a-half times the regular pay at which they were employed for every hour worked in excess of forty hours in a single workweek. *See* Motion for Conditional Class Certification (ECF No. 18-11) at 3. Plaintiff filed a Collective Class Action Complaint in this Court on June 12, 2018. *See* ECF No. 1. He then amended his complaint on June 26, 2018. *See* ECF No. 4. Defendants answered the Complaint on July 31, 2018. *See* ECF No. 14. Yang now moves for conditional certification of all hourly paid, non-managerial individuals employed by Defendants for their failure to pay overtime pay as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), *et seq.* (2013).

## STANDARD OF REVIEW

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others "similarly situated." 29 U.S.C. § 216(b). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The Third Circuit has embraced a two-step approach to determine whether a suit brought under § 216(b) may move forward as a collective action. *See Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (adopting "two-tier approach" put forth in *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192-93 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013)). "Conditional certification," which is sought in the pending motion, is the initial stage of that two-tiered analysis. *See Symczyk*, 656 F.3d at 192.

During this initial phase, "the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id.* "If the plaintiff carries her burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." *Id.* At this initial stage, the Third Circuit applies a "modest factual showing" standard, under which "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Zavala*, 691 F.3d at 536 n.4 (quoting *Symczyk*, 656 F.3d at 193). This is a "very low burden," *Portilla v. Bridgehampton Stone, Inc.*, No. CV172549JMAAYS, 2019 WL 1128364, at *9 (E.D.N.Y. Mar. 12, 2019), and "[t]his lenient standard is typically easily met and usually results in conditional certification," *Taylor v. Pilot Corp.*, No. 14-CV-2294-SHL-TMP, 2015 WL 12001270, at *2 (W.D. Tenn. June 16, 2015).

## DISCUSSION

### I. Conditional Certification of Plaintiffs' FLSA Claims is Appropriate

Plaintiff claims he has "submitted sufficient evidence to meet the minimal standard required for conditional certification." Mot. Br. at 7. Defendants operate a chain of 30 ShopRite Supermarkets in the Northeast United States. *Id.* Plaintiff alleges that his deprival of overtime pay was not isolated, but rather "a policy and practice[]" of Defendants. *Id.* In his declaration, Plaintiff lists three other Prospective Collective Action Members who "were similarly situated with respect to their claims under Defendants' unlawful policy and practices." *Id.*; *see also* Yang. Decl. ¶¶ 14-23. One of these members, Chunling Li, also submitted a declaration stating he "was not compensated at one-and-one half of my calculated hourly wage for the hours [] worked over forty hours each week." Li Decl. (ECF No. 18-6) ¶ 8.

Defendants contest Plaintiff's motion. They state that since July 2015 to the present, Defendant Village has employed approximately 6,750 people, of whom 90% were covered by collective bargaining agreements ("CBAs"). Defs. Resp. Br. (ECF No. 23) at 2-3. Defendants claim that employees covered by a CBA "were and are all paid 'time and a half' for hours worked in excess of forty (40) per week." *Id.* They further argue that Plaintiff Yang has not put forth enough concrete evidence for certification, relying instead on inadmissible hearsay statements from other employees who themselves have not submitted declarations.

This Court finds that conditional certification is appropriate. Plaintiff has made a "modest factual showing" and produced evidence "'beyond pure speculation' of a factual nexus between the manner in which the employer's alleged policy affected him and the manner in which it affected other employees." *Zavala*, 691 F.3d at 536 n. 4 (quoting *Symczyk*, 656 F.3d at 193). Plaintiff has shown that he is similarly situated to the putative class through record evidence suggesting that the Prospective Collective Action Members were subject to the same employment practices.

Courts have certified similar classes of supermarket employees where, as here, "Plaintiff's declaration and testimony set forth the duties he performed[,] the hours he worked, and the amount and manner in which he was paid" and plaintiff "observed other [employees] working a similar number of hours per week as he worked, and discussed with them Defendants' failure to pay overtime wages [while] nam[ing other employees] who were also not paid overtime." *Escano v. N & A Produce & Grocery Corp.*, No. 14-CV-4239 PAC, 2015 WL 1069384, at *2 (S.D.N.Y. Mar. 11, 2015). While Yang's declaration containing comments from other putative collective members may contain hearsay, courts at this stage routinely permit plaintiff to submit "evidence through…declarations, *including any hearsay statements* contained therein." *Julian v. MetLife, Inc.*, 298 F. Supp. 3d 699, 702 (S.D.N.Y. 2018) (emphasis added). That is because "[in] this early

4

phase, courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate." *Aquilino v. Home Depot, Inc.*, No. CIV A 04-CV-4100 PGS, 2006 WL 2583563, at *1 (D.N.J. Sept. 7, 2006).

Regarding the CBAs, whether covered employees were actually paid in accordance to them is a fact that discovery may shed light on. The duty to pay one-and-a-half times an hourly rate for overtime work doesn't derive from a CBA, but from the FLSA. Even where putative class members "differ in job responsibilities, hours worked, and other details of employment, these differences do not undermine Plaintiffs' showing that they share a common claim that Defendants violated the FLSA." *Frederick v. Dreiser Loop Supermarket Corp.*, No. 06CIV.15341(AKH), 2008 WL 4724721, at *1 (S.D.N.Y. Oct. 24, 2008). Since Plaintiff has met his "very low burden," *Portilla*, 2019 WL 1128364 at *9, and the Court will conditionally certify a class of all non-managerial employees.

## II. Equitable Tolling of the FLSA Statute of Limitations is Appropriate

The FLSA provides that actions to recover "unpaid minimum wages, unpaid overtime compensation, or liquidated damages" must be commenced within two years of the alleged violation or within three years after the cause of action accrued for willful violations. 29 U.S.C. § 255(a). To qualify for relief under the FLSA, a party must "commence his cause of action before the statute of limitations applying to his individual claims has lapsed." *Symczyk*, 656 F.3d at 200 (3d Cir. 2011) (internal citation omitted). To determine when an FLSA collective action is commenced, the statute differentiates between named plaintiffs and opt-in plaintiffs. *See* 29 U.S.C. § 256; *Symczyk*, 656 F.3d at 200. For named plaintiffs, the action is commenced on the date they file the Complaint. *See* 29 U.S.C. § 256. For opt-in plaintiffs, however, the action is not commenced until the date on which they file their written consent. *Id.*

The Third Circuit has identified "three principal situations in which equitable tolling is appropriate." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). Those situations are: (1) "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision"; (2) "where the plaintiff in some extraordinary way has been prevented from asserting his rights"; or (3) "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.*

Plaintiff argues that equitable tolling is appropriate in this case and requests three years to commence an action. Plaintiff contends that equitable tolling is warranted because Defendant failed to inform its employees (the potential class members) of their FLSA rights as required by the FLSA regulations. Yang. Decl. ¶¶ 12-13. This Court agrees.

The Federal Regulations implementing the FLSA read: "Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4. The Third Circuit has held that an employer's failure to comply with a similar notice requirement under the Age Discrimination in Employment Act tolled the running of the 180-day administrative filing period "at least until such time as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights." *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3d Cir. 1978). This Court has recognized in tolling similar FLSA actions that "an employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations." *Kim v. Dongbu Tour & Travel, Inc.*, No. 2:12-CV-1136 WHW, 2013 WL 5674395, at *4 (D.N.J. Oct. 16, 2013).

The FLSA statute of limitations will be equitably tolled for all potential class members from June 12, 2018 (the date Plaintiffs filed this putative collective action) through a deadline to be established by this Court for the putative class members to file their respective consents to join this collective action. Likewise, the Court finds a three-year opt-in from the date of the Complaint to be appropriate. *See Ornelas v. Hooper Holmes, Inc.*, No. 12-CV-3106 JAP, 2014 WL 7051868, at *8-9 (D.N.J. Dec. 12, 2014).

## III.   Court-authorized Notice is Permitted

Plaintiff requests the Court permit the parties to provide fair and practicable notice to all potential members of the class. District Courts have the "discretionary power…to facilitate the sending of notice to potential class members." *Symczyk*, 656 F.3d at 194 (3d Cir.2011) (citation omitted). The notice proposed by Plaintiff—a combination of mailings and postings at applicable workplaces—is a reasonable and cost-efficient method of ensuring class members receive notice. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 565 (S.D.N.Y. 2013) ("First-class mail and in-store posting [are] sufficient to provide notice to potential opt-in class members"). Likewise, Plaintiff's Proposed Notice of Pendency (ECF No. 18-7 at Ex. 3), which Defendants did not object to, is approved.

## CONCLUSION

Plaintiffs' motion for conditional certification is granted in accordance with the attached order.

DATE: 20 March 2019

William H. Walls
Senior United States District Court Judge