UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YING YANG, on behalf of himself and all other persons similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>VILLAGE SUPER MARKET, INC., VILLAGE SUPER MARKET OF NJ, LP, RONALD L. GOLEY, HUA HUANG, JOAQUIM BATISTA IMPROPERLY NAMED AS JACK BATISTA, et al.,<br><br>                      Defendants. | OPNION & ORDER<br><br>18-cv-10486 (WHW)(CLW) |

**Walls, Senior District Judge**

On March 20, 2019, this Court conditionally certified a class of hourly paid, non-managerial individuals who alleged they were not paid overtime pay as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), *et seq.* (2013), while employed by Village Super Market, Inc. d/b/a ShopRite, Village Super Market of NJ, L.P. d/b/a ShopRite, Ronald L. Goley, Hua Huang, Jack Batista, and certain fictitious individuals and entities (collectively the "Defendants"), *See* ECF Nos. 28 & 29. Defendants request the Court reconsider its decision. ECF No. 30. Decided without a hearing pursuant to Fed. R. Civ. P. 78, the motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The critical facts involving this motion were fully briefed in the Opinion & Order that Defendants ask the Court to reconsider. *See* ECF No. 28. Directly relevant to this motion: Plaintiff Ying Yang was hired as a chef for the Chinese food outlet of ShopRite in Livingston, New Jersey on about September 20, 2016, and remained employed there until April 27, 2018. First Amended Complaint ("FAC") (ECF No. 4) at ¶ 32. Plaintiff claimed he was entitled to recover unpaid overtime wages of at least one-and-a-half times the regular pay at which they were employed for

every hour worked in excess of forty hours in a single workweek. *See* Motion for Conditional Class Certification (ECF No. 18-11) at 3. Plaintiff filed a Collective Class Action Complaint in this Court on June 12, 2018. *See* ECF No. 1. He then moved for conditional certification of all hourly paid, non-managerial individuals employed by Defendants for their failure to pay overtime pay as required under the FLSA. The Court engaged in the standard two-step certification analysis as directed by the Third Circuit. *See Ying Yang v. Vill. Super Mkt., Inc.*, No. 18CV10486WHWCLW, 2019 WL 1275059 (D.N.J. Mar. 20, 2019). After finding that Yang had "made a modest factual showing" and produced evidence 'beyond pure speculation of a factual nexus between the manner in which the employer's alleged policy affected him and the manner in which it affected other employees," resulting in him being "similarly situated to the putative class through record evidence suggesting that the Prospective Collective Action Members were subject to the same employment practices," the Court conditionally certified the class. *Id.* at *2 (internal quotations omitted). Defendants ask the Court to reconsider its Opinion and Order, contending that the Court's finding as to Plaintiff being similarly situated to other members of the putative class "was in error." ECF No. 30 at 1.

## STANDARD OF REVIEW

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge. . . has overlooked." The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.* 279 F. Supp. 2d 606, 608-609 (D.N.J. 2003).

## DISCUSSION

Defendants claim that the court erred in certifying a class of all non-managerial employees rather than limiting the class "to other salaried chefs who worked in the Asian food section of the ShopRite stores in Livingston and Union." ECF No. 30 at 4. Defendants posit that because Plaintiff Yang's position is that he was improperly categorized as an "exempt" employee under the FLSA when he was not, he needed to demonstrate he was "similarly situated" to other improperly-categorized employees, and that he did not. *Id.* at 4-5. Defendants likewise argue that even if Plaintiff has shown he is similarly situated to other class members, they are not subject to an actual "uniform policy to deprive non-managerial employees of overtime compensation." *Id.* at 6.

Defendants request the Court reconsider its motion "and limit any collective action to salaried Chinese food chefs who worked at Village's Livingston and Union stores." *Id.* at 6.

"Defendants are impermissibly repeating old arguments that [the Court] ha[s] already rejected." *Cheng Xia Wang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-00840 (VSB), 2019 WL 1146437, at *4 (S.D.N.Y. Mar. 13, 2019) (denying motion to reconsider FLSA conditional class certification). First, the Court engaged in an analysis as to whether Yang was similarly situated to other members of the collective action. *See Yang*, 2019 WL 1275059 at *2-*3 (ECF No. 28). After reviewing Yang's declaration, as well as that of Chunling Li (a fellow prospective class member), the Court found that the record evidence "set forth the duties [Yang] performed, the hours he worked, and the amount and manner in which he was paid," and that Yang "observed other employees working a similar number of hours per week as he worked, and discussed with them Defendants' failure to pay overtime wages while naming other employees who were also not paid overtime." *Id.* at *2 (internal brackets omitted). The Court found that Yang had "shown that he is similarly situated to the putative class through record evidence suggesting that the Prospective Collective Action Members were subject to the same employment practice." ECF No. 28 at *2.

The Court then discussed what it found to be a sufficient allegation by Yang that "his deprival of overtime pay was not isolated, but rather a policy and practice of Defendants," and that he did this by "list[ing] three other Prospective Collective Action Members who were similarly situated with respect to their claims under Defendants' unlawful policy and practices." *Id.* As such, "[a]lthough petitioner may not like the way the Court ruled, his arguments were explicitly addressed in the joint Opinion and Order." *Ramirez v. United States*, No. 05 CIV. 4179, 2013 WL 247792, at *2 (S.D.N.Y. Jan. 22, 2013) (denying motion for reconsideration). *See also Gutierrez v. Johnson & Johnson*, No. 01 5302 WHW, 2007 WL 1101437, at *4 (D.N.J. Apr. 10, 2007) ("This

is not the purpose of a motion for reconsideration. A party is not entitled to a second bite at the apple").

Importantly, the Court found that when reviewing the record evidence, Plaintiff's duty to demonstrate a modest factual showing had been recently described as a "very low burden," *Portilla v. Bridgehampton Stone, Inc.*, No. CV172549, 2019 WL 1128364, at *9 (E.D.N.Y. Mar. 12, 2019), and that "[t]his lenient standard is typically easily met and usually results in conditional certification," *Taylor v. Pilot Corp.*, No. 14-CV-2294-SHL-TMP, 2015 WL 12001270, at *2 (W.D. Tenn. June 16, 2015). *See also Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 191 (M.D. Pa. 2008) (a motion to conditionally certify an FLSA class at step one "usually results in conditional certification"); *Steinberg v. TD Bank, N.A.*, No. 10-CV-5600 RMB-JS, 2012 WL 2500331, at *9 (D.N.J. June 27, 2012) (describing a modest factual showing as an "extremely lenient standard"). The motion for reconsideration does not grapple with the Court's discussion about the low bar Plaintiff had to hurdle.

Likewise, Courts in this District have noted that motions for reconsideration on conditional certification decisions in FLSA cases are especially disfavored because "[a]ll of the contentions Defendants attempt to introduce at this point in the litigation will be properly dealt with in Stage 2 of the certification process." *Ornelas v. Hooper Holmes Inc.*, No. CIV.A. 12-3106 JAP, 2013 WL 3146887, at *2 (D.N.J. June 19, 2013). *See also Aquilino v. Home Depot, Inc.*, No. CIV A 04-CV-4100 PGS, 2006 WL 2583563, at *1 (D.N.J. Sept. 7, 2006) (denying appeal of magistrate order conditionally certifying class upon noting that "the standard for step one notice is lenient").

Defendants finally contend that if the Court does not reconsider its decision in its entirety then it should certify a more limited class. But having relegated this suggestion to a footnote in their original opposition brief, now "is not the time to propose new class definitions or to make

new arguments." *Gutierrez*, 2007 WL 1101437, at *4 (denying motion to reconsider wherein the Court was asked "to certify a narrower class than the one initially proposed in the event that the Court denies [the] motion for reconsideration").

## CONCLUSION

Having not met their burden to demonstrate a clear error of law, Defendants' Motion for Reconsideration (ECF No. 30) is hereby DENIED.

DATE: 14 May 2019

William H. Walls
Senior United States District Court Judge