UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YANG, et al.,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**VILLAGE SUPERMARKETS, INC., et al.,**<br><br>*Defendants.* | Civil Action No. 18-cv-10486 (CLW)<br><br>**OPINION** |

**CATHY L. WALDOR, U.S.M.J.**

    I.    **INTRODUCTION**

This matter comes before the Court on Plaintiffs' Motion for Attorney Fees, (ECF No. 175), and Defendants' Cross Motion for Attorney Fees. (ECF No. 180). Upon careful consideration of the parties' submissions and the record for this matter; and the Court having heard arguments of counsel for the respective parties on July 17, 2025; and in the interest of justice; and for good cause shown; the motions are resolved as set forth below.

    II.    **BACKGROUND**

The Court assumes familiarity with the facts and procedural history underlying this matter and therefore will not recite them at length here. In sum, on June 12, 2018 Plaintiff Ying Yang filed a complaint asserting claims against Defendants Village Super Market, Inc., Village Super Market of NJ, LP, Ronald L. Goley, Hua Huang, and Joaquim Batista (collectively, "Village" or "Defendants") arising under the Fair Labor Standards Act, 29 U.S.C.A. 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a (the "NJWHL"). Plaintiff also asserted a collective action on behalf of all Village employees pursuant to 29 U.S.C. § 206 and § 207. On

March 20, 2019, the Court conditionally certified the matter as a collective action. (ECF Nos. 28 and 29). However, in February 2021 the case was decertified as an FLSA collective action and ordered to proceed solely as to four individual plaintiffs (the three original plaintiffs, Ying Yang, Liping Sun, and Chun T. Lee, and one opt-in, Mengquan Ruan). (ECF No. 99). Mr. Ruan was dismissed from the case without prejudice in August 2021. (ECF No. 118).

The case settled on February 19, 2025, with Defendants agreeing to pay Plaintiffs a total of $125,000. However, the parties substantially disagree on the attorney's fees and costs sought by Plaintiffs' counsel, in large part due to different views as to the collective action practice and related fees. Accordingly, following the settlement conference, the Court ordered the parties to file their respective applications for attorney's fees. On April 7, 2025, Plaintiffs' counsel filed its Motion for Attorney Fees. (ECF No. 175). Defendants filed a Cross Motion for Attorney Fees on May 29, 2025. (ECF No. 180). Plaintiffs' counsel filed their reply on June 23, 2025. (ECF No. 181).

### III.  LEGAL STANDARD

In assessing attorney's fees, courts typically apply either the percentage-of-recovery method or the lodestar method. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005), *as amended* (Feb. 25, 2005). While the percentage-of-recovery method is more commonly applied in common fund cases, the lodestar approach is typically applied in statutory fee-shifting cases. *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 333 (3d Cir. 1998). The FLSA and NJWHL – under which the instant case arose – are such fee shifting statutes, mandating the award of costs and reasonable attorney's fees to the prevailing party. *Beneli v. BCA Fin. Servs., Inc.*, 324 F.R.D. 89, 106 (D.N.J. 2018) (citing 15 U.S.C. § 1692k(a)(3)). Thus, the lodestar method is the correct method to calculate the attorney's fees owed to counsel in this matter.

Under the lodestar approach, an award is calculated "by multiplying the number of hours [the lawyer] reasonably worked on a client's case by a reasonable hourly billing rate for such services based on the given geographical area, the nature of the services provided, and the experience of the attorney." *Rite Aid*, 396 F.3d at 305. When applying this method, the most useful starting point for determining what constitutes a reasonable fee is the hours reasonably expended on the litigation, multiplied by a reasonable hourly rate, which provides an objective basis to estimate the value of the lawyer's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar, when accurately calculated, is presumed to be a reasonable fee. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

However, a prevailing party is not "automatically entitled to compensation for all the time its attorneys spent working on the case" and a court may reduce an award "in response to specific objections made by the opposing party." *Interfaith Community Org. v. Honeywell Int'l Inc.*, 426 F.3d 694, 711 (3d Cir. 2005). Defendants may challenge the reasonableness of the requested fee "with evidence in the record." *Jit Shi Goh v. Coco Asian Cuisine, Inc.*, No. 15-cv-6310 (KM)(MAH), 2019 WL 5328857, at *3 (D.N.J. Sep. 27, 2019). The Court also possesses broad discretion to determine what constitutes a reasonable hourly rate, and to determine appropriate benchmarks to determine that rate. *United States ex rel. Palmer v. C&D Technologies, Inc.*, 897 F.3d 128, 137 (3d Cir. 2018); *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989).

IV. **ANALYSIS**

Plaintiffs' counsel requests total fees and expenses of $494,779.22. This includes $487,084.22 in attorney's fees and costs ($438,352.50 and $48,731.72, respectively), plus an additional $7,695.00 for counsel's work on the reply brief in connection with these motions. (Pl.

3

Motion at 10, ECF No. 175-1; Pl. Aug. 8, 2025 Email to Chambers). This total amount includes $180,537.75 in fees and expenses for the collective action portion of the case ($134,717.50 and $45,820.25, respectively). (Moskowitz Decl. ¶¶ 3-4, ECF No. 180-1).

Defendants' Counter Motion argues two points: (1) that the Court should award Defendants' fees and costs against Plaintiffs and their counsel for frivolous actions resulting in extensive and unnecessary fees; and (2) that the Court should substantially reduce Plaintiffs' fee application because hours were not reasonably expended together with the limited success in the action. (Def. Motion at 7, 12, ECF No. 180-14). On the second point, Defendants assert several reasons to merit a reduction in fees: (a) failure of the collective action, (b) excessive hourly rate and excessive time expended, (c) excessive fees for unidentified clerical staff and overhead, (d) entries for duplicative and unnecessary work, (e) overbilling and inadequate descriptions or necessity, (f) duplicative billing, (g) Plaintiffs' counsel's hourly rates are unsupported, and (h) Plaintiffs' counsel's limited success. (*Id.* at 13).

After carefully considering counsel's respective billing entries for this matter, the Court generally finds the time sought by Plaintiffs' counsel to have been reasonably expended and declines to reduce the time sought under reasons (c), (d), (e), and (f). However, the Court finds that Plaintiffs' counsel's fees and expenses should be reduced for the reasons raised by Defendants in (a) and (h) – because of the limited success of the collective action – and (b) and (g) – because Plaintiffs' counsel does not meet its burden to support the reasonableness of its proposed hourly rates. The Court will address points (1), (2)(a) and (h), and (2)(b) and (g) in turn.

4

1. **The Court declines to shift fees under 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, or its inherent authority.**

After carefully considering the record for this matter, including the motions at hand and counsel's respective billing entries, the Court will not award Defendants' fees and costs against Plaintiffs and their counsel for frivolous actions resulting in extensive and unnecessary fees. While this litigation was certainly lengthy, contentious, and expensive, the Court does not find that Plaintiffs' counsel acted in bad faith or with intentional misconduct. The Court also denies Defendants' request to impose Rule 11 sanctions on Plaintiffs' counsel, without prejudice to Defendants right to seek relief when and if such an application becomes legally appropriate.

2. **The Court will reduce Plaintiffs' fee application based on the limited success of the collective action and because Plaintiffs' counsel does not meet its burden to support the reasonableness of its hourly rates.**

    i. **Limited success of the collective action.**

The Court finds that Plaintiffs' counsel's fees should be reduced given the limited success of the collective action claims with respect to the overall results obtained in this case. The Supreme Court explains that:

> If … a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Hensley*, 461 U.S. at 436. The Third Circuit Court of Appeals elaborated that the lodestar can be adjusted downward if it is not "reasonable in light of the results obtained." *Rode*, 892 F.2d at 1183

5

(citing *Hensley*, 461 U.S. at 434–37). "This general reduction accounts for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims." *Id.* However, in evaluating the results obtained by a prevailing party, the Court "may not dimmish counsel fees by merely quantifying a proportionate ratio based on the amount of damages a plaintiff recovers. Rather, the Court is encouraged to consider the amount of damages *awarded* with the amount of damages *requested*, qualitatively evaluating the relief in comparison to the litigation as a whole." *Finch v. Hercules Inc.*, 941 F. Supp. 1395, 1426–27 (D. Del. 1996) (internal citations omitted).

Here, Defendants submit that "[d]ue to the abject failure of the collective action, Plaintiffs may not recover their fees and costs" relating to this portion of the litigation. (Def. Motion at 13, ECF No. 180-14). Plaintiffs' counsel disagrees, asserting the collective action was "undeniably meritorious." (Pl. Reply at 1-2, ECF No. 181). At this stage of the litigation, the Court need not determine whether the collective action would have been successful if the parties had not agreed to decertify the collective. Rather, the Court finds that even if Plaintiffs' collective action claims were "raised in good faith," *Hensley*, 461 U.S. at 436, it would still be unreasonable to award counsel fees for the hours expended on the collective action "in light of the [overall] results obtained" in this matter. *Rode*, 892 F.2d at 1183. The parties ultimately agreed to settle this case for $125,000 (exclusive of attorney's fees and expenses), with $48,333.33 awarded to Plaintiff Lee, $48,333.33 awarded to Plaintiff Sun, and $28,333.24 awarded to Plaintiff Yang. (Wang Decl. ¶ 26, ECF No. 175-2). Yet Plaintiffs' counsel requests nearly half a million dollars in attorney's

6

fees and expenses, including $134,717.50 in fees and $45,820.25 in expenses for the collective action portion of the case alone. (Moskowitz Decl. ¶¶ 3-4).

Viewed through this lens, the Court finds that it would be appropriate to reduce Plaintiffs' counsel's fees relating to time spent litigating the collective action claims. The total amount of fees requested ($494,779.22), "in comparison to the litigation as whole" – which ultimately did not include any collective action award – seems unreasonable and excessive. *Finch*, 941 F. Supp at 1427; *see also Rode*, 892 F.2d at 1183; *Hensley*, 461 U.S. at 440. Whether or not Plaintiffs' collective action claims would have been meritorious if they had continued to be litigated following the initial class certification, Plaintiff had limited success in bringing these claims by nature of the fact that the parties consented to decertify the collective action. Thus, it is reasonable and appropriate for the Court to consider a lodestar adjustment based on the results of the litigation. *See Rode*, 892 F.2d at 1183. Accordingly, the Court will reduce Plaintiffs' counsel's fee application by $180,537.75, the total of the fees ($134,717.50) and expenses ($45,820.25) for the collective action portion of the case.

### ii. Plaintiffs' counsel does not meet its burden to support the reasonableness of its proposed hourly rates.

The Court finds that Plaintiffs' counsel's fees and expenses should be reduced for two additional, related reasons: (1) counsel did not meet its burden with respect to explaining the reasonableness of its proposed hourly rates as compared to the prevailing rates for attorneys in the same forum; and (2) counsel did not meet its burden to demonstrate the community billing rate charged by attorneys of equivalent skill and experience performing work of a similar type and complexity.

7

Plaintiffs' counsel's fee application seeks the following hourly rates: (a) Heng Wang – $475; (b) Jacob Tebele – $425; (c) Jeremy Jackson – $385; (d) Hanling Rong – $225; (e) Paralegal – $175; and (f) Legal Assistant/Supporting Staff – $80. (Pl. Motion at 6, ECF No. 175-1; Wang Decl. ¶ 30, ECF No. 175-2). Defendants argue that Plaintiffs' counsel's requested rates are "unsupported and should be reduced." (Def. Motion at 20, ECF No. 180-14). This case was filed in June 2018, thus Defendants note that Mr. Wang had been practicing for only 10 years when he undertook this matter; at the time, his associates (Mr. Tebele and Mr. Jackson) had been practicing for 7 and 4 years, respectively. (*Id.* at 22).

First turning to the hourly rates sought by counsel, while the beginning point to determine a reasonable hourly rate is the attorney's usual billing rate, that usual billing rate is not dispositive. *Machado v. Law Offices of Jeffrey Ward*, No. 14-cv-7401 (MAS)(TJB), 2017 WL 2838458, at *2 (D.N.J. June 30, 2017). When a fee award based on the lodestar calculation would be excessive, the Court may exercise its discretion to reduce the same. *Palmer*, 897 F.3d at 137. The prevailing party seeking such recovery can establish that an hourly rate is reasonable by submitting the affidavits of other attorneys in the relevant legal community, attesting to the range of prevailing rates charged by attorneys with similar skill and experience. *Machado*, 2017 WL 2838458, at *3. Once a requesting party has met this initial burden of establishing a reasonable hourly rate, a party opposing the fee award can rebut that reasonableness with record evidence. *Jit Shi Goh*, 2019 WL 5328857, at *3. The Court also possesses broad discretion to determine what constitutes a reasonable hourly rate, and to determine appropriate benchmarks to determine that rate. *Palmer*, 897 F.3d at 137. Notably, a district court can set the attorney's fee rate upon the record, not based upon a "generalized sense of what is usual and proper." *Evans v. Port Authority of New York and New Jersey*, 273

F.3d 346, 362 (3d Cir. 2001). The relevant rate is a prevailing rate in the forum of the litigation. *Interfaith*, 426 F.3d at 705.

Here, Plaintiffs' counsel has proffered the declaration of Mr. Wang, which includes citations to other FLSA lawsuits in which he served as counsel, in support of his hourly rate. (Wang Decl. ¶ 32, ECF No. 175-2). With respect to the firm's other professionals, Mr. Wang stated that the Court should approve their hourly rates due to their "extensive experience in FLSA litigation." (*Id.* ¶ 33). In addition, Plaintiffs' counsel asserts that the "6-figure recovery in damages … further underscores the reasonableness of the fee request." (Pl. Reply at 13, ECF No. 181).

Based upon the Court's careful review of Plaintiffs' counsel's billing invoices and the record of this matter, *see Evans*, 273 F.3d at 362, as well as this Court's determination of what constitutes a reasonable hourly rate, *see Machado*, 2017 WL 2838458, at *3, the Court finds that Plaintiffs' counsel's hourly rates should be reduced. Here, Mr. Wang's declaration does not meet Plaintiffs' burden of demonstrating that the range of hourly rates sought for the attorneys in this case is reasonable within this district. Notably, while Mr. Wang's declaration cites to prior FLSA cases in which he achieved successful recoveries for his clients, he did not set forth certifications, declarations, or affidavits setting forth what his firm believes to be the prevailing hourly rates charged by attorneys with similar skill and experience over the last few years. *See Machado*, 2017 WL 2838458, at *3. Rather, the declaration simply cites to the "extensive experience" of Mr. Wang and the firm's other professionals in FLSA matters, as well as their overall litigation experience based on their years practicing. (Wang Decl. ¶¶ 32-33, ECF No. 175-2).

Plaintiffs' counsel does refer to a few cases in this district where attorney's fees were approved in relation to certain levels of experience. (*See* Pl. Motion at 8, ECF No. 175-1). However, these citations – without further certifications, declarations, or affidavits regarding more recent, prevailing hourly rates for attorneys with similar skill and experience (the cases cited are from 2009, 2011, 2016, and 2023) – do not meet the burden of explaining the reasonableness of the proposed hourly rates as compared to current and common rates for attorneys in the same forum. Therefore, the Court finds good cause to reduce Plaintiffs' counsel's proposed hourly rates.

Second, relatedly, Plaintiffs' counsel's fee application does not meet its burden of demonstrating the community billing rate charged by "attorneys of equivalent skill and experience performing work of similar complexity." *Wang v. Chapei LLC*, No. 15-cv-2950 (MAS)(DEA), 2020 WL 5500428, at *3 (D.N.J. Sept. 10, 2020) (quoting *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996), *aff'd* 849 Fed. Appx. 360 (3d Cir. 2021). "This burden can be sustained by submitting affidavits of other attorneys in the area who represent plaintiffs in similar matters." *Id*. In *Wang*, the Honorable Michael A. Shipp, U.S.D.J. denied plaintiffs' application for attorney's fees and costs because plaintiffs' counsel failed to meet this burden. (*Id.*). Specifically, Judge Shipp held that citing cases "where the requested rates were awarded, without any discussion of the similarities in the cases or the type and quality of work performed, fails to establish the prevailing market rate." *Id.* at *4.

Here, in its brief and supporting declaration, Plaintiffs' counsel points to prior hourly rates that courts approved in FLSA lawsuits brought by Mr. Wang. (Def. Motion at 14, ECF No. 180-14). However, like in *Wang*, Plaintiffs' counsel does not sufficiently discuss or compare "the type and quality of work performed" in this matter as compared to the work done

(and hourly rates charged) by other attorneys in the area who represent clients in similar types of cases. *Wang*, 2020 WL 5500428, at *3. An attorney "must establish the reasonableness of the requested rates through 'satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience[,] and reputation.'" *Id.* (quoting *Blum*, 465 U.S. at 895 n. 11; *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (demonstrating need for more than the attorney's own affidavits)). "By simply relying on the hourly rate set by [a] court [for the attorney] in previous cases in which he has appeared, [a] district court [fails] to exercise [its] responsibility" to establish the reasonable hourly rate based upon the factual record. *Wang*, 2020 WL 5500428, at *3. Plaintiffs' fee application cites cases where courts recognized Mr. Wang's "distinguished record of success in FLSA litigation," (Pl. Motion at 7, ECF No. 175-1), but does not compare these cases (or the proposed rates) to the type and quality of work performed by attorneys (or their rates) in similarly situated cases across the district. *Wang*, 2020 WL 5500428, at *4. Mr. Wang cites to his significant legal experience and skill, but this alone does not meet the burden of establishing the prevailing market rate for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at *3 (internal quotations omitted). For this reason, the Court again finds good cause to reduce Plaintiffs' counsel's fees.

      Considering the totality of the record evidence, the Court finds that Plaintiffs' counsel has not submitted sufficient evidence to establish the reasonableness of its requested hourly rates nor met the burden of demonstrating a reasonable market rate for their services. Accordingly, and considering its great discretion in awarding reasonable attorney's fees, the Court will apply a twenty-five percent (25%) reduction to the lodestar, including fees and

remaining expenses. *See Hensley*, 461 U.S. at 437; *Bell*, 884 F.2d at 721. This calculation reduces the fee award by an additional $78,560.37.[1]

V.      **CONCLUSION**

For the reasons set forth herein, Plaintiffs' Motion for Attorney Fees, (ECF No. 175), is granted in part, and denied in part. Defendants' Cross Motion for Attorney Fees, (ECF No. 180), is granted in part, and denied in part.

After a comprehensive review of Plaintiffs' and Defendants' counsel's billing records, the Court finds that Plaintiffs' counsel shall be awarded a total of **$235,681.10** in attorney's fees and costs. This amount includes a reduction of $180,537.75 for fees and expenses relating to the collective action, and a decrease of $78,560.37 accounting for a twenty-five percent (25%) lodestar reduction on the remaining hourly rates and expenses as set forth above. An appropriate order follows.

**Dated: August 12, 2025**

*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor, U.S.M.J.**

---

[1] The Court determined this figure by subtracting fees and expenses related to the collective action portion of the case ($180,537.75) (deferring to Defendants' calculations in Exhibit B, ECF No. 180-3) from the total amount of fees and expenses initially requested by Plaintiffs' counsel ($494,779.22), which equals $314,241.47. The Court then applied a 25% lodestar reduction to the remaining attorney's fees and expenses ($314,241.47), which reduced the fee award by an additional $78,560.37.